IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SCOTT A. LAUF, | CV 22-67-BLG-KLD |
| Plaintiff, | |
| vs. | ORDER |
| SELENE FINANCE, L.P. and U.S. BANK TRUST NATIONAL ASSOCIATION, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust, | |
| Defendants. | |

This matter involves a nonjudicial foreclosure under Montana's Small Tract Financing Act (the "Financing Act"). Plaintiff Scott Lauf commenced this civil action in state court against Defendants Selene Finance, L.P. ("Selene") and U.S. Bank Trust National Association, not in its individual capacity but solely as owner Trustee for RCF 2 Acquisition Trust ("U.S. Bank Trust"), (collectively, "Defendants"), seeking damages and to enjoin Defendants from foreclosing on his property. (Doc. 39). Before the Court is Defendants' motion for summary judgment on all claims. (Doc. 13). For the reasons discussed below, Defendants' motion is granted.

1

I.     **Background**

On December 8, 2009, Lauf and his wife, Martha, borrowed $233,475 from Bank of America, N.A. (the "Mortgage Loan"), executed a promissory note (the "Note") and, as security, a trust indenture ("Deed of Trust") on property located at 737 Lazy M Street, in Red Lodge, Montana (the "Property"). (Doc. 30, ¶ 1).[1] The Deed of Trust was recorded in Carbon County on February 1, 2010, naming Charles J. Peterson as the original trustee and Bank of America N.A. ("BANA") as the original beneficiary. (Doc. 30, ¶ 2). The beneficial interest in the Deed of Trust has been assigned and recorded in Carbon County six times, as follows:

- BANA to EverBank on July 10, 2013, recorded on September 18, 2013 (Doc. 30, ¶ 3);

- EverBank to Green Tree Servicing, LLC on October 9, 2014, recorded on October 14, 2014 (Doc. 30, ¶ 4);

- TIAA FSB, d/b/a TIAA BANK f/k/a EverBank to Ditech on March 4, 2020, recorded on March 26, 2020[2] (Doc. 30, ¶ 7);

- Ditech to New Residential Mortgage, LLC on March 13, 2020, recorded on March 26, 2020 (Doc. 30, ¶ 8);

- New Residential Mortgage, LLC to NewRez LLC d/b/a Shellpoint Mortgage Servicing ("NewRez/Shellpoint") on May 15, 2020, recorded on May 19, 2020 (Doc. 30, ¶ 9); and

---

[1] Martha's obligations related to the Note have apparently been discharged in bankruptcy. (Doc. 39, ¶ 4).

[2] In 2015, Green Tree merged with Ditech Mortgage Corp. to form Ditech Financial, LLC, and in 2017, EverBank merged with TIAA Bank to form TIAA, FSB. (Doc. 30, ¶¶ 5–6).

- Effective November 19, 2021, NewRez to U.S. Bank Trust by assignment on March 7, 2022, recorded on March 29, 2022 (Doc. 30, ¶ 10).

The Laufs have been in default on their payment obligations under the Note and Deed of Trust since October 1, 2011. (Doc. 30, ¶¶ 15, 20).

After foreclosure proceedings were commenced in 2014, Lauf filed Cause No. CV 14-25 in the Montana Twenty-Second Judicial District Court, Carbon County, naming as defendants First American Title Co. of Montana, EverBank, Everhome Mortgage, and Green Tree—the loan's trustee, beneficiary, and servicers at the time. (Doc. 30, ¶ 16). Lauf claimed that EverBank and its servicers had illegally changed the locks on the Property, falsely threatened him with a deficiency judgment, and failed to follow contractual requirements in the Deed of Trust and statutory requirements in the Financing Act, Montana Code Annotated §§ 71-1-306 *et seq.* (Doc. 1-3, ¶ 4). The district court granted Lauf a preliminary injunction, prohibiting the defendants from foreclosing during the pendency of that litigation. (Doc. 30, ¶ 16). Lauf's only remaining claim in No. DV 14-25 is for injunctive relief against Green Tree; all claims against the other defendants and all monetary claims against all defendants have been dismissed. (Doc. 30, ¶ 17).

On February 7, 2020, Shellpoint Mortgage Servicing sent Lauf a Notice of Default and Intent to Accelerate, which identified the amount Lauf owed on the Mortgage Loan and warned that if he did not cure the default within 45 days Shellpoint intended to accelerate the Mortgage Loan and collect on the debt as

permitted by the contract, including by foreclosure of the lien and sale of the Property. (Docs. 30, ¶ 19; 15-14, at 1).

NewRez, as beneficiary of the Deed of Trust, executed a substitution of trustee document naming Jason J. Henderson as trustee on February 17, 2021, and recorded it in Carbon County on September 14, 2021. (Doc. 30, ¶¶ 11–14). When Lauf did not cure the default, NewRez directed Henderson to exercise the power of sale. (Doc. 16, ¶ 10). On November 1, 2021, Henderson recorded a Notice of Trustee's Sale scheduled for March 14, 2022. (Doc. 30, ¶ 21). At Henderson's direction, the Notice of Trustee's Sale was sent by certified mail to Lauf, posted on the Property, and published in the Carbon County News on November 11, 18, and 25, 2021. (Docs. 30, ¶ 22; 17, ¶ 5).

On December 7 and 9, 2021, respectively, U.S. Bank Trust and NewRez/Shellpoint sent letters informing Lauf that effective November 19, 2021, NewRez had sold the Mortgage Loan to U.S. Bank Trust.[3] (Doc. 30, ¶ 23). The letters also informed Lauf that Selene would become the loan's authorized servicer

---

[3] Lauf disputes this fact, seemingly only because the two letters state different iterations of the new owner's name—the letter from U.S. Bank Trust says the loan is now owned by "RCF 2 Acquisition Trust" (Doc. 15-17) and the letter from Shellpoint states the new owner is "RCF II Loan Acquisition, LP" (Doc. 15-18). This is a distinction without a difference. "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original).

on January 4, 2022. (Doc. 30, ¶ 24). NewRez executed an assignment of the Deed of Trust to U.S. Bank Trust on March 7, 2022, and the assignment was recorded on March 29, 2022. (Doc. 30, ¶ 27).

On February 22, 2022, seeking to enjoin the trustee's sale, Lauf filed Cause No. DV 22-20 against NewRez/Shellpoint in state court, and obtained a temporary restraining order ("TRO") on March 2, 2022, prohibiting NewRez from exercising the power of sale pending a show cause hearing on March 30, 2022. (Doc. 30, ¶ 29). An agent of the trustee appeared on March 14, 2022, and by oral proclamation postponed the trustee's sale until April 13, 2022. (Doc. 30, ¶ 31). NewRez removed the action to federal court on March 25, 2022, and the parties stipulated to dismissal of Cause No. DV 22-20 with prejudice on July 25, 2022. (Doc. 30, ¶ 30).

While litigation in Cause No. DV 22-20 was ongoing, an agent of the trustee further continued to postpone the sale, pushing it back a second time to May 13, 2022, and again to June 10, 2022. (Doc. 30, ¶¶ 32–33). On May 23, 2022, counsel for Selene sent an email to Lauf's counsel stating, "[i]t is our position that the foreclosure sale of the property can move forward at this time on the scheduled June 10, 2022 date because the Court's order relates solely to NewRez/Shellpoint and we intend to move forward absent an order precluding the current investor from proceeding." (Doc. 30, ¶ 35). Lauf filed his Complaint in the present action

on June 1, 2022. (Doc. 30, ¶ 36). The state court issued a TRO to enjoin the sale on that same date. (Doc. 9, at 2). On June 6, 2022, the trustee cancelled the sale and the parties agreed that Lauf's motion for preliminary injunction would be withdrawn without prejudice to his right to re-file for injunctive relief if foreclosure proceedings were recommenced. (Docs. 7, at 15–21; 17, ¶ 12).

In July, Defendants removed the case to federal court. (Doc. 1). In August, the parties agreed to dissolve the state court TRO, and Defendants reinitiated foreclosure proceedings on October 7, 2022. (*See* Docs. 10; 30-3).

## II.    <u>Legal Standard</u>

Under Federal Rule of Civil Procedure 56(c), a party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." A movant may satisfy this burden where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate by affidavits, depositions, answers to interrogatories or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986).

6

The non-moving party may not rest upon the mere allegations or denials of the pleadings. *Anderson*, 477 U.S. at 248. "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48 (emphasis in original). Additionally, "[a] party opposing summary judgment may not simply question the credibility of the movant to foreclose summary judgment." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir.2001).

In considering a motion for summary judgment, the court "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 130, 150 (2000); *Anderson*, 477 U.S. at 249–50. The Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in the non-moving party's favor. *Anderson*, 477 U.S. at 255; *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020–21 (9th Cir. 2007).

## III.   <u>Discussion</u>

Lauf's First Amended Complaint (Doc. 39) alleges five counts: Damages for Breach of the Trust Indenture and Wrongful Exercise of Power of Sale (Count I); Negligence (Count II); Violation of the Montana Unfair Trade Practices and Consumer Protection Act (Count III); Injunction (Count IV); and, in the

alternative, Violation of Injunction (Count V). The Court will address each in turn and include additional facts as needed.

## A. Damages for Breach of the Trust Indenture and Wrongful Exercise of Power of Sale (Count I)

The Financing Act authorizes trust indentures in lieu of mortgages for estates in real property of not more than 40 acres. *First State Bank of Forsyth v. Chunkapura*, 734 P.2d 1203, 1205 (Mont. 1987) ("Such instruments have the effect of transferring the title of the borrower to a private trustee to be held by the trustee to secure the performance of the obligation by the borrower."); Mont. Code Ann. § 71-1-302. "When a transfer in trust of an interest in real property is made to secure the performance of the obligation . . . , a power of sale is conferred upon the trustee to be exercised after a breach of the obligation for which the transfer is security." Mont. Code Ann. § 71-1-304(2). A trust indenture executed in conformity with the Financing Act "may be foreclosed by an advertisement and sale through the trustee, or at the option of the beneficiary (lender) by judicial procedure as provided by law for the foreclosure of mortgages on real property." *Chunkapura*, 734 P.2d at 1205.

Count I alleges Defendants committed "one or more acts of wrongful Exercise of Power of Sale or Attempted Exercise of Power of Sale in violation of the terms of [¶] 22 of the Trust Indenture and the requirements of the Small Tract Financing Act, including without limitation §§ 71-1-306(2) and 71-1-313[,]

8

MCA." (Doc. 39, ¶ 31). Additionally, Count I alleges the foreclosure sale on June 10, 2022, violated Montana Code Annotated § 71-1-315(3), which limits postponements of trustee sales to 15 days, except when stayed under 11 U.S.C. § 362 or a court order. (Doc. 39, ¶ 32). Defendants argue Count I must fail as a matter of law because neither Defendants nor their predecessor beneficiary and loan servicer breached the Deed of Trust in connection with the Notice of Trustee's Sale issued on November 1, 2021. (Doc. 14, at 11). Further, Defendants maintain the foreclosure proceedings fully complied with Montana law. (Doc. 14, at 12–16). The Court agrees with Defendants.

### 1. Breach of the Trust Indenture

In their brief in support of summary judgment, Defendants assert that "Plaintiff's only basis for claiming a breach of the Deed of Trust is that NewRez, 'never sent Lauf notice of acceleration as required by [¶] 22 of the Trust Indenture.'" (Doc. 14, at 11–12; *see* Docs. 1-1, ¶ 15, and 39, ¶ 16). However, Defendants correctly assert this allegation is not accurate, as it is undisputed that NewRez d/b/a Shellpoint—which the Court notes is not a party to this lawsuit— sent Lauf a "Notice of Default and Intent to Accelerate" on February 7, 2020. (Doc. 30, ¶ 19). Lauf neglected to address this issue in his Response. The Court finds that by failing to respond to this argument on the merits, Lauf has admitted the argument is well-taken. *See* Local Rule 7.1(d)(B)(ii); *Jiminez v. Liberty Nw.*

*Ins. Corp.*, 2007 WL 1378407, at *8 (D. Mont. May 7, 2007). Accordingly, Lauf's claim of improper notice under ¶ 22 of the Deed of Trust is summarily dismissed.

In his Response to Defendants' motion for summary judgment, Lauf articulates the basis for this claim is that Defendants actually violated ¶ 14 of the Trust Indenture, which "prohibits defendants from collecting fees that are expressly prohibited by Applicable Law." Lauf argues Defendants violated ¶ 14 of the Trust Indenture because they violated Montana Code Annotated § 71-1-320 by "charging attorney fees for services rendered prior to the commencement of foreclosure." (Doc. 39, ¶ 32). Lauf's argument on this point appears to be that, under Montana law, he cannot be held responsible for any fees or services that accumulated prior to the November 1, 2021 Notice of Trustee's Sale because such fees would be "pre-foreclosure."

Because Lauf does not clearly state which fees he believes are prohibited, Defendants assume he is referring to charges labeled "FC Atty Fee," which appear on a list of loan charges in Exhibit 24 attached to Defendants' Statement of Undisputed Fact. (*See* Docs. 30, ¶ 37; 15-24). Defendants counter that none of these charges are in fact "pre-foreclosure attorney fees" because the undisputed record establishes that foreclosure proceedings commenced on the Deed of Trust long before these fees were logged on April 5, 2016, and the fees incurred were expressly allowed by the Deed of Trust and consistent with industry standards

10

designed to verify that delinquent properties are being maintained. (Docs. 40, at 3; 30, ¶ 37).

Paragraph 14 of the Deed of Trust states, in part, "Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees." (Doc. 15-2, at 8). Lauf admits he has been in default since 2011, and that he filed Cause No. DV 14-25 to pause active foreclosure proceedings in 2014. (*See* Doc. 30, ¶¶ 15–16). Additionally, Defendants present evidence of notices of trustee's sales that were initiated during 2012, 2013, and 2014.[4] (Doc. 40-1).

The Court finds Lauf's allegations on this issue fail as a matter of law because the "FC Atty Fee[s]" were undisputedly incurred after Lauf's default and foreclosure proceedings had commenced, as permitted by the plain language of the Deed of Trust, which allows beneficiaries of the trust indenture to charge certain fees as necessary to protect and assert their security interest in the Property. Arguments against summary judgment cannot rest upon mere allegations in the

---

[4] The Court takes judicial notice of these publicly recorded documents. *See Briosos v. Wells Fargo Bank*, 737 F. Supp. 2d 1018, 1020 n.1 (N.D. Cal. 2010).

pleadings, *Anderson*, 477 U.S. at 248, and Lauf has alleged no "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324.

Accordingly, Lauf's various breach of the trust indenture claims are properly dismissed on summary judgment.

### 2. Foreclosure Proceedings

Lauf's arguments related to the foreclosure proceedings are multiple. First, Lauf alleges that Defendants' foreclosure proceedings violated the Financing Act, "including without limitations §§ 71-1-306(2) and 71-1-313, MCA." (Doc. 39, ¶ 32). In support of their motion for summary judgment, Defendants argue and provide evidence to support their position that foreclosure proceedings fully complied with these statues. (*See* Doc. 14, at 8–11). Lauf again entirely neglected to respond to Defendants' arguments. Thus, because Lauf does not allege any particular deficiency in the notice or otherwise indicate how "the foregoing acts constitute" violations of Montana Code Annotated §§ 71-1-306(2) and 71-1-313, Lauf's claims must fail. *Anderson*, 477 U.S. at 248; *Celotex Corp.*, 477 U.S. at 324. Additionally, by failing to respond to this argument on the merits, Lauf has admitted the argument is well-taken. *See* Local Rule 7.1(d)(B)(ii); *Jiminez*, 2007 WL 1378407, at *8.

Lauf's next argument on this point works in tandem with his claim under Count V, that Defendants violated the injunction in Cause No. DV 22-20. First,

Lauf argues that because the district court's TRO against NewRez/Shellpoint applied to Defendants, they illegally proceeded to foreclose on the Property in violation of the TRO.[5] Alternatively, Lauf contends that if there was no valid court-ordered stay in place, Defendants violated § 71-1-315(3) of the Financing Act because they delayed the trustee sale originally scheduled for March 14, 2022, until June 10, 2022, which is more than 15 days. Section 71-1-315(3) provides that, except under a court-ordered stay, "[t]he person making the sale may, for any cause the person considers expedient, postpone the sale for a period not exceeding 15 days by public proclamation at the time and place fixed in the notice of sale." Lauf argues that because Defendants postponed the foreclosure sale in this case three times for a total of 88 days, he was required to "spend time and money, including filing fees, seeking an additional injunction against the defendants in order to prevent them from illegally exercising the power of sale on June 10." (Doc. 28, at 4).

Defendants counter that, even assuming Defendants had committed a technical violation of § 71-1-315(3), Lauf's argument fails as a matter of law because no trustee's sale occurred, and the undisputed facts demonstrate that Defendants did not cause Lauf to suffer any damages—any costs or fees incurred in seeking an injunction on the foreclosure proceedings commenced by U.S. Bank

---

[5] For the Court's discussion on Lauf's violation of injunction claim, *see* § III(E).

Trust and Selene were caused by Lauf's own failure to name the loan's current beneficiary and servicer as parties to the original lawsuit. (Doc. 40, at 4).

As a threshold issue, Lauf submits that because Defendants did not include this argument in their brief in support of their motion for summary judgment that they should not be allowed to discuss it in their Reply unless Lauf is permitted to file a surreply. A district court's decision to grant or deny leave to file a surreply is discretionary, and should only be granted "where a valid reason for such additional briefing exists, such as [the opposing party] raises new arguments in its reply brief." *Allen v. Campbell*, No. 4:20-CV-00218-DCN, 2020 WL 6876198, at *7 (D. Idaho Nov. 23, 2020). *See also Edwards v. Mondora*, 700 F. App'x 661, 664 (9th Cir. 2017) (affirming the district court's denial of a motion for leave to file a surreply because the movant did not identify in his motion why the new arguments in the reply brief would justify granting leave to file a surreply).

The Court finds a surreply is unnecessary. Defendants' Reply did not raise a new legal issue, but simply responded to one of Lauf's imprecise allegations that was expanded upon in his brief in opposition to Defendants' motion for summary judgment. The Court is aware of Lauf's argument on this point and declines to invite additional briefing on the issue.

It is undisputed that, for more than a decade, Lauf has been in default on the Mortgage Loan, which is secured by the Deed of Trust. (Doc. 30, ¶¶ 1, 15). Under

Montana law, "a trust indenture may be foreclosed by an advertisement and sale through the trustee, or at the option of the beneficiary (lender) by judicial procedures as provided by law for the foreclosure of mortgages on real property." *Chunkapura*, 734 P.2d at 1205. Paragraph 22 of the Deed of Trust states the borrower's remedy "to assert the non-existence of a default or any other defense" to the acceleration of the loan and impending trustee's sale is to bring a court action. (Doc. 15-2, at 9–10). On June 1, 2022, the same day Lauf filed his Complaint in this case, Defendants appeared and stipulated to a TRO. (Doc. 1-3, at 25–27). On June 22, 2022, Defendants cancelled the July 10, 2022 trustee's sale. (Doc. 7, at 15–16).

The Court finds Defendants acted reasonably and within their rights as the beneficiary and servicer of Lauf's loan. Further, Defendants' actions did not cause Lauf's claimed damages because, as required by the express terms of the Deed of Trust, to challenge the trustee's sale Lauf was required to initiate a court action, which logically includes suing the appropriate parties.[6] The delay of the sale, occasioned by Lauf's contention that Defendants were enjoined, did not cause Lauf damages.

---

[6] The Court notes that Lauf does not challenge the validity of the March 7, 2022 assignment from NewRez to U.S. Bank.

Accordingly, because foreclosure proceedings complied with the Financing Act and Defendants' actions did not cause Lauf's alleged damages, Count I is summarily dismissed.

## B. Negligence (Count II)

Lauf alleges Defendants breached their statutory duty "to exercise reasonable skill, care, and diligence in their dealings with Lauf," including by failing "to follow the duties imposed by Montana law, including without limitation the requirements of [the Financing Act and the Montana Mortgage Act, Montana Code Annotated § 32-9-170,] and their wrongful attempts to exercise the power of sale and attempt to wrongfully foreclose have caused Lauf damages." (Doc. 39, ¶¶ 34–35). Because the Court has determined Defendants' foreclosure attempt satisfied Financing Act requirements, and that they did not wrongfully attempt to exercise the power of sale or cause Lauf damages (*see* § III(A)(2), *supra*), to the extent that it is based on such allegations, Lauf's negligence claim does not survive summary judgment.[7] Additionally, Defendants contend Lauf's general negligence

---

[7] The Montana Mortgage Act requires mortgage servicers to act with "reasonable skill, care, and diligence," and act in good faith to inform borrowers of the facts concerning the loan and the nature and extent of their delinquency or default. Mont. Code Ann. § 32-9-170(3) and (8). Lauf's factual allegations related to the Montana Mortgage Act appear to be identical his Financing Act claims. Accordingly, the Court finds they are without merit.

claim must fail because Lauf has alleged no facts to create a fiduciary relationship outside of the usual arms-length debtor-creditor relationship. (Doc. 14, at 20).

The essential elements of a negligence claim under Montana law are as follows: "(1) the defendant owed the plaintiff a legal duty, (2) the defendant breached that duty, (3) the breach was the actual and proximate cause of an injury to the plaintiff, and (4) damages resulted." *Peterson v. Eichhorn*, 189 P.3d 615, 621 (Mont. 2008). "The question of duty is a question of law. Absent a duty, breach of duty cannot be established and a negligence action cannot be maintained." *Sikorski v. Johnson*, 143 P.3d 161, 164 (Mont. 2006).

"All individuals have a general common law duty to use reasonable care under the circumstances to avoid causing foreseeable harm to others." *Anderson v. ReconTrust Co., N.A.*, 407 P.3d 692, 697 (Mont. 2017) (citing Mont. Code Ann. §§ 1-1-204, 27-1-701, and 28-1-201). In the loan applications and servicing context, the relationship between a lender and borrower "is generally a non-fiduciary, arms-length contractual relationship limited to express contract duties and the implied duty of good faith and fair dealing." *ReconTrust*, 407 P.3d at 697 (citing *Morrow v. Bank of America, N.A.*, 324 P.3d 1167, 1177 (Mont. 2014)). However, "extraordinary circumstances . . . may independently give rise to a general or fiduciary duty of care." *ReconTrust*, 407 P.3d at 697. For example, "where a bank goes beyond the ordinary role of a lender of money and actively

17

advises customers in the conduct of their affairs, the bank may owe a fiduciary duty." *Morrow*, 324 P.3d at 1177. But "[i]f the borrower has not been advised by the bank or has not relied on that advice, no fiduciary relationship exists." *Morrow*, 324 P.3d at 1177 (citing cases). It is well-established that a bank is not obligated to avoid foreclosure. *Morrow*, 324 P.3d at 1177 (citing *Richland Nat. Bank & Tr. v. Swenson*, 816 P.2d 1045, 1050 (Mont. 1991) ("Even assuming that the Bank owed a fiduciary duty, there could be no breach of such duty when the Bank acted for legitimate business reasons in accordance with the security agreements.")).

Here, Lauf's Amended Complaint alleges that U.S. Bank Trust sent him a letter "misinforming him" that U.S. Bank Trust had acquired "ownership of [his] mortgage loan," effective November 19, 2021. (Doc. 39, ¶ 22). Lauf alleges Selene sent him a letter informing him that his loan was now owned by U.S. Bank Trust, that the total amount he owed on the debt was $370,111.45, and that the date set for the initial foreclosure sale was March 14, 2022. (Doc. 39, ¶¶ 23–24). Additionally, Lauf alleges that counsel for Selene and U.S. Bank Trust sent his counsel an email stating that Defendants "intend to move forward [with the trustee's sale] absent an order precluding the current investor from proceeding."[8]

---

[8] Lauf also alleges that U.S. Bank Trust and Selene added illegal pre-foreclosure attorney fees to Lauf's mortgage debt. (Doc. 39, ¶ 28). However, because the Court has already determined the alleged illegal fees were not "pre-foreclosure" attorney fees, the Court need not consider this allegation.

But Lauf has offered no specific facts to establish an exception exists to the ordinary arms-length debtor-creditor relationship, that Defendants actively advised him in the conduct of his affairs, or that he ever relied on their advice. Because Lauf has not shown "extraordinary circumstances" or that Defendants owed him a fiduciary duty, "breach of duty cannot be established and [his] negligence action cannot be maintained." *Sikorski*, 143 P.3d at 164.

Accordingly, Lauf has failed to establish a genuine factual issue for trial exists and Lauf's negligence claim fails as a matter of law.

### C. Montana Unfair Trade Practices and Consumer Protection Act Violations (Count III)

The Montana Unfair Trade Practices and Consumer Protection Act of 1973 ("MCPA"), Montana Code Annotated §§ 30-14-101 to 157, "provides a private cause of action for actual and treble damages upon proof that a consumer suffered 'ascertainable loss of money or property' caused by the 'use or employment' of 'unfair or deceptive acts or practices in the conduct of any trade or commerce.'" *ReconTrust*, 407 P.3d at 700 (quoting Mont. Code Ann. §§ 30-14-103, -133(1)). "An unfair act or practice is one which offends established public policy and which is either immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Doherty v. Fannie Mae*, 319 P.3d 1279, 1283 (Mont. 2014) (internal citations and quotation marks omitted).

Lauf's MCPA claims are premised on the same conduct as his other claims—he alleges that Defendants threatened him with an illegal foreclosure, illegally postponed the sale more than 15 days, and illegally added pre-foreclosure attorney fees to his mortgage debt, requiring him to file a new injunction action to prevent the foreclosure and incur "court filing fees and attorney fees and expended time and effort to stop the illegal foreclosure." (Doc. 28, at 7). Defendants argue that Lauf's claims must fail because Defendants have not engaged in any "unfair or deceptive" acts with respect to the foreclosure proceedings. Defendants are correct.

It is undisputed that Lauf has been in default on the Mortgage Loan, which is secured by the Deed of Trust, for more than a decade. As discussed above, the Court has determined that foreclosure proceedings complied with Montana law, Defendants have not illegally added pre-foreclosure attorney fees to Lauf's mortgage debt, and Defendants did not cause Lauf to incur unnecessary filing fees and attorney fees or expend time and effort to stop the foreclosure.

Accordingly, Defendants are entitled to summary judgment on Lauf's MCPA claims.

**D. Injunction (Count IV)**

Lauf argues that because Defendants "are illegally increasing the amount Lauf must pay to cure default by demanding attorney fees that are prohibited by

Montana law and the terms of Trust Indenture [¶] 14, Lauf has a viable claim to enjoin the illegal foreclosure." (Doc. 28, at 8).

"To obtain an injunction under Montana law, [a plaintiff] must demonstrate the existence of a legitimate cause of action and a likelihood of success on the merits." *Barker v. Bank of Am., N.A.*, No. CV 17-21-BLG-SPW-TJC, 2019 U.S. Dist. LEXIS 154461, at *21 (D. Mont. Aug. 12, 2019). Because the Court has already determined the alleged fees were not "pre-foreclosure" attorney fees, Lauf's claim for an injunction against foreclosure is summarily dismissed.

### E. Violation of Injunction (Count V)

In his statement of disputed facts opposing summary judgment (Doc. 30), Lauf disputes the fact that U.S. Bank and Selene were the beneficiary and servicer of his loan in February 2022 when he filed his lawsuit against NewRez, despite the notices he received in December advising him that U.S. Bank's ownership was effective on November 19, 2021, and that Selene would be servicing the Mortgage Loan after January 4, 2022. (*See* Doc. 30, ¶ 34). Additionally, Lauf disputes that after January 4, 2022, the Mortgage Loan was serviced exclusively by Selene. (Doc. 30, ¶ 24).

Disputing these two facts allows Lauf to argue as an alternative legal theory that the state court's TRO against NewRez/Shellpoint prohibited U.S. Bank Trust and Selene from foreclosure under Montana Code Annotated § 27-19-105, which

provides that injunction orders are "binding only upon the parties to the action; their officers, agents, employees, and attorneys; and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." But Lauf does not allege any facts that might support the necessary implication that U.S. Bank Trust and Selene were "officers, agents, employees, [or] attorneys" or "persons in active concert or participation with" NewRez/Shellpoint after January 4, 2022. Conversely, Defendants provide an affidavit from Nik Fox, Default Contested Case Manager for Selene, which establishes that "[e]ffective November 19, 2021, ownership of the Mortgage Loan was transferred to U.S. Bank Trust," and after January 4, 2022, servicing of the Mortgage Loan was handled exclusively by Selene. (Doc. 16, ¶¶ 1, 12, 14).

Because his argument is wholly unsupported, the Court finds that Lauf has failed to establish a genuine issue of material fact exists as to who owned and serviced the Mortgage Loan in February 2022. *Anderson*, 477 U.S. at 247–48 ("The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.").

Accordingly, Lauf's claim for violation of the injunction (Count V) fails as a matter of law.

### F. FDCPA and Negligent Misrepresentation Claims

Lauf's original Complaint alleges Count II, violations of the Fair Debt Collection Practices Act ("FDCPA"), and Count V, negligent misrepresentation. (*See* Doc. 1-1) However, Lauf's Amended Complaint omits these claims. (*See* Doc. 39). Defendants assert that by amending his Complaint to specifically eliminate his FDCPA and negligent misrepresentation claims, Lauf has waived and relinquished those causes of action. (Doc. 40, at 9). The Court agrees.

"Any cause of action that was raised in the original complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint." *Spears v. Arizona Bd. of Regents*, 372 F. Supp. 3d 893, 927 (D. Ariz. 2019) (citing *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012)).

Accordingly, Lauf's FDCPA and negligent misrepresentation claims are dismissed with prejudice.

### IV.   <u>Conclusion</u>

For reasons discussed above, the Court concludes that Defendants have satisfied their burden to show there are no genuine issues of material fact and they are entitled to judgment as a matter of law.

IT IS ORDERED that Defendants' Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that the final pretrial conference and jury trial scheduled for December 11, 2023, are VACATED. All other pending motions and outstanding deadlines are terminated as MOOT.

DATED this 22nd day of June, 2023.

Kathleen L. DeSoto
United States Magistrate Judge